Isabel **PERRY,** Individually and as Next Friend of Patricia Jeanne Perry and Susan Marie Perry, **Plaintiffs-Appellants-Respondents,**

v.

Mary **PERRY,** Defendant-Appellant-Respondent.

Nos. 33620, 33621.

St. Louis Court of Appeals, Missouri.

Jan. 26, 1971.

Sullivan & Watson, Michael M. Flavin, Clayton, for plaintiffs-appellants-respondents.

George W. Cady, Dewey S. Godfrey, St. Louis, for defendant-appellant-respondent.

DOERNER, Commissioner.

By this action plaintiffs sought to have a constructive trust adjudged and decreed on the proceeds of three life insurance policies collected by defendant. The chancellor entered a judgment and decree in favor of plaintiffs for the amount of the proceeds of two of such policies, and both plaintiffs and defendant appealed.

Plaintiff Isabel Perry and the insured, Alfred Perry, were married in 1958, had two children, Patricia Jeanne and Susan Marie, and were divorced in 1961. In connection with the divorce Isabel and Alfred entered into an agreement whereby Alfred agreed to change the beneficiary on his life and accident insurance policies so as to make his minor children the beneficiaries of the same. Prior to the marriage of Isabel and Alfred, at the time the agreement was made, and at the time of Alfred's death in June of 1965, there existed three policies on the life of Alfred: one issued by First United Life Insurance Company for $2,000; another by the same company for $5,000; and a National Service Life Insurance policy (commonly called G. I. insurance) for $10,000. The premiums on the two policies issued by First United were paid by Alfred's union, as a fringe benefit. Those on the G. I. insurance were paid by defendant Mary Perry. Defendant Mary Perry was named as beneficiary in all three of such policies from the time they were issued and until the date of Alfred's death. She had no knowledge

of Alfred's agreement to change the beneficiary to his children until after Alfred's death, and first learned of that agreement while she was in the process of collecting the proceeds of the three policies. In answer to interrogatories propounded by plaintiffs, defendant Mary Perry stated that she no longer had in her possession any of the proceeds of the three policies, and that she had expended such proceeds for the funeral expenses of Alfred, for his debts and obligations, and for other purposes.

The chancellor entered a judgment and decree in favor of plaintiffs and against the defendant for $7,000, the amount of the proceeds of the two First United policies, together with interest thereon of $1505, or a total of $8505. Both the plaintiffs and the defendant filed motions for a new trial. In their motion the plaintiffs contended that the court had erred in failing to render judgment in their favor for an additional $10,000, together with interest thereon, for the proceeds of the G. I. insurance, while defendant in her motion asserted that the court had erred in rendering judgment in favor of plaintiff for the $7,000, together with interest, for the proceeds of the two First United policies. The court overruled both motions for a new trial and, as stated, both sides appealed, and have preserved and now present in this court their respective contentions regarding the error each claims as to the judgment. The appeals were consolidated for hearing and disposition.

Both the plaintiffs and the defendant maintain that this court has jurisdiction. We do not agree. It is clear that in the trial court the amount in dispute was $17,000, exclusive of interest and costs. In their appeal plaintiffs complain of their non-recovery of $10,000 and seek to recover that additional amount from defendant. Conversely, the defendant not only disputes plaintiffs' claim for such additional $10,000 but seeks the reversal of the judgment against her for $7,000.

Whether viewed from the standpoint of the "aggregate" doctrine, Washington University Law Quarterly, Vol. 1964, p. 662, § 9.023, or from that of the "deny and grant" rule, Endermuehle v. Smith, Mo., 372 S.W.2d 464, 466, it is obvious that the amount which remains in dispute in this appeal, exclusive of interest and costs, is $17,000. It follows that the Supreme Court has exclusive appellate jurisdiction of the case. Missouri Constitution, Art. V, § 3, V.A.M.S.; § 477.040, RSMo 1959, V.A.M.S., as Amended by Laws 1959, S.B. 7.

Accordingly, the case is transferred to the Supreme Court of Missouri.

## PER CURIAM:

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, case transferred to Supreme Court of Missouri.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.